# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

DAVID CISMARU,

    Plaintiff,

v.

CAROYN W. COLVIN, Acting Commissioner, Social Security Administration,

    Defendant.

Case No. 2:14-cv-01432-RFB-GWF

**ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE GEORGE FOLEY, JR.**

## I. INTRODUCTION

Before the Court for consideration is the Report and Recommendation of the Honorable George Foley Jr., United States Magistrate Judge, entered March 21, 2016. ECF No. 26. Defendants objected on April 7, 2016. ECF No. 27. Plaintiffs did not respond to Defendant's objection. For the reasons discussed below, the Report and Recommendation is adopted in full, and Defendant's cross-motion to affirm the Agency's decision (ECF. No. 22) is denied.

## II. BACKGROUND

Neither party objected to the Magistrate Judge's summary of the background facts, and so the Court incorporates and adopts, without restating, that "background" section here. See Findings & Recommendation 1:21–15:9, ECF No. 26.

## III. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an Administrative Law Judge's (ALJ's) "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)).

It is incumbent upon the ALJ to develop the record so that the court does not need to speculate about findings. Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). In this regard, an ALJ has an affirmative duty to supplement the claimant's medical records where the evidence regarding the existence of a severe impairment is ambiguous. Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005). And a medical impairment may be found to not be severe at step two of the sequential process "only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Id. at 686. Further, an inability to obtain medical treatment because of a lack of insurance can be a reasonable explanation for failing to obtain treatment. Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007).

Moreover, if the ALJ rejects the claimant's complaints regarding the severity of his pain or other symptoms, the ALJ must provide "specific, cogent reasons for the disbelief." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995) (quoting Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990)). This means the ALJ must state why the testimony is unpersuasive and must point to

what specific testimony or evidence undermines the claimant's testimony. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Lester, 81 F.3d at 834. Absent affirmative evidence that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be clear and convincing. Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan, 169 F.3d at 599). And the ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) (citation omitted). This is because the lack of an objective medical basis is just one factor in evaluating the credibility of a claimant's testimony and complaints. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991). And because "pain testimony may establish greater limitations than can medical evidence alone." Burch, 400 F.3d at 680 (citing SSR 96–7p (1996)).

In regards to credibility determinations, the Ninth Circuit has upheld an ALJ's finding that a claimant's testimony is not credible when the ALJ cited specific instances in the record supporting that finding. See, e.g., Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007). In Parra, the ALJ's credibility determination was upheld because the ALJ pointed to specific Veterans' Administration lab tests in the claimant's medical records that contradicted his subjective complaints. Id. Similarly in Batson v. Comm'r of Soc. Sec. Admin., the ALJ cited specific testimony from a doctor which contradicted the claimant's allegations that his ability to work was limited. Batson v. Comm'r of Soc Sec. Admin., 359 F.3d 1190, 1196 (9th Cir. 2003). But the Ninth Circuit has also found broad rejections based on the record as a whole to be insufficient. See Robbins v. Social Sec. Admin., 466 F.3d 880, 884-85 (9th Cir. 2006). In Robbins, the ALJ supported his adverse credibility finding of claimant's testimony by stating the testimony was "not consistent with or supported by the overall medical evidence of record" and also cited conflicting testimony about claimant's alcoholism. Id. at 884. This was not enough; instead the ALJ was required to provide a "narrative discussion" and state specific evidence in the record supporting an adverse credibility finding. Id.

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter,

504 F.3d at 1035. Nevertheless, the court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the court must "review the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1040 (9th Cir. 1995).

## IV. DISCUSSION

In his Report and Recommendation, Magistrate Judge George Foley Jr. found that "there was serious doubt whether Cismaru was, in fact, disabled within the meaning of the Social Security Act during the closed period." Magistrate Judge George Foley Jr. came to this conclusion for two reasons: 1) the ALJ's statement that there was no objective evidence of Cismaru having a back impairment prior to the end of the closed period from April 25, 2010 to February 11, 2012 was contrary to the medical records; and 2) the ALJ's determination did not provide adequate reasons for rejecting the credibility of Cismaru's testimony about the severity of his pain and other symptoms. Defendant objected to both of these determinations. First, Defendant argued that the absence of objective evidence of back impairment in Cismaru's medical records during the closed period justified the ALJ's conclusion. Second, Defendant argued that the ALJ provided adequate reasons for discrediting Cismaru's statements by stating they were inconsistent with the ALJ's findings on Cismaru's residual functioning capacity and were not supported by the objective medical evidence of the record as a whole.

### A. Medical Records Do Not Support the ALJ's Determination.

Defendant argues that during the requested period of disability there was no objective evidence of neck or back impairment. ECF No. 27. Defendant points to numerous times where Cismaru met with a medical professional to treat his lower extremities, but not his back or neck specifically. Finally, Defendant argues that Magistrate Judge George Foley Jr. erred by not upholding the ALF's conclusion when he found it was debatable whether Cismaru's symptoms

reached disabling severity before the closed period ended.

The ALJ's decision was partly based on his finding that there was "no convincing evidence based on the objective records that disorders of the back were a severe impairment during the requested closed period" and also that the ALJ was "severely limited by the objective evidence, which fails to record any significant complaints or limitations stemming from the claimant's neck and back during the period at issue." AR 49. This is true regarding Cismaru's neck pain. There was no report of neck pain in the medical records until October 25, 2012. And Cismaru did not list neck pain as a disabling condition in his disability report or hearing testimony. AR 244, 99.

However, as Magistrate Judge George Foley Jr. noted, the record is less clear regarding Cismaru's lumbar spine condition. There are no medical records for the period after July 10, 2006 up until the closed period. Cismaru claims this lack of records was caused by him becoming uninsured and therefore being unable to obtain medical treatment. However, the medical records do show that Cismaru complained of leg pain on three different occasions during the closed period, and continued after the closed period until he had lumbar surgery in September 2012. A month before Cismaru elected to have lumbar surgery Dr. Khavkin noted that Plaintiff's chief complaint was numbness in the bottom of his left foot. Cismaru's medical records therefore show he experienced leg symptoms prior to the closed period expiring that could have reasonably been caused by impingement of nerve roots in his lumbar spine. Therefore, the ALJ's finding of no objective evidence contradicts the medical records.

Also, at the very least the evidence was ambiguous, and accordingly the ALJ failed to further develop the record when it was incumbent upon him to do so. In Webb, the court noted that the ALJ has an affirmative duty to supplement claimant's medical records when there is ambiguous evidence. Webb, 433 F.3d at 687. Here, it is ambiguous whether or not Cismaru's lower leg symptoms were caused by the degenerative conditions in his lumbar spine impairment prior to February 12, 2012. Moreover, Cismaru's lack of insurance could be a reasonable explanation for his inability to obtain medical treatment during that time period. Defendant is correct that when "evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." Burch, 400 F.3d at 679. However, the issue here is not that the evidence was

susceptible to more than one rational interpretation, but rather that the evidence underlying the ALJ's interpretation was ambiguous and could not allow for a proper determination to be made. Therefore, the medical records do not support the ALJ's determination that Cismaru did not have lumbar spine impairment during the closed period.

### B. ALJ Made An Improper Credibilty Finding

Defendant argues that the ALJ properly discredited Cismaru's subjective complaint because the objective medical evidence and findings of the record as whole did not support them. Additionally, Defendant argues the ALJ properly considered Cismaru's inconsistent statements in rejecting the credibility of his testimony.

The ALJ failed to provide adequate reasons for rejecting the credibility of Cismaru's testimony regarding the severity of his pain or other symptoms because the ALJ did not cite specific evidence on the record when making this determination. In Lester, the court asserted an ALJ must state why a claimant's testimony is unpersuasive and must point to what specific testimony or evidence undermines the claimant's testimony. 81 F.3d at 834. However, the only statement the ALJ made regarding Cismaru's credibility was:

> The claimant's statements concerning intensity, persistence, and limiting effects of his symptoms were not credible to the extent that they were inconsistent with the above residual functional capacity assessment, because they were not supported by objective medical signs and findings of the record as a whole under SSR 96-7p.

AR 51. Thus, the ALJ did not indicate specific evidence on the record that supports discrediting Cismaru's testimony. The ALJ may not simply point out inconsistency with the record at large or that there is a lack of medical evidence to fully corroborate Cismaru's alleged pain severity. Defendant cites to cases like Parra and Batson where the Ninth Circuit upheld the ALJs' adverse credibility findings. But those cases are inapposite to Cismaru's case. In Parra, the ALJ pointed to specific lab tests that were inconsistent with the claimant's testimony. And in Batson, the ALJ cited a doctor's testimony that contradicted the claimant's testimony. However, in Cismaru's case the ALJ did not point to specific evidence such as these examples when rejecting the credibility of

Cismaru's testimony. As Magistrate Judge George Foley Jr. correctly noted, this is the kind of "boilerplate" credibility finding that a court must reject. See Robbins, 466 F.3d at 884-85. Instead, the ALJ should have provided a "narrative discussion" stating specific reasons for his finding, and the particular evidence on the record that supported it. Therefore, the ALJ in Cismaru's case failed to make a proper credibility finding.

### C. Case Will Be Remanded

After determining that there were deficiencies in Cismaru's proceeding before the ALJ, this Court next must decide whether the case should be remanded for an award of benefits or further proceedings. To determine this, a court must decide whether:

> 1) the record has been fully developed and further administrative proceedings would serve no useful purpose; 2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and 3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1019 (9th Cir. 2014). Generally, when all three conditions are met a court must remand for an award of benefits. Id. at 1020-21. However, if additional proceedings can remedy the defects in the original administrative proceedings, the case should be remanded. Id. at 1019 (citing Lewin, 654 F.2d at 635). Or remand is proper if an evaluation of the record as a whole "creates serious doubts as to whether the claimant is, in fact, disabled." Garrison, at 1021.

Therefore, there is serious doubt as to whether Cismaru was disabled within the meaning of the Social Security Act during the closed period from April 25, 2010 through February 11, 2012. The record has not been fully developed and further administrative proceedings would help resolve this ambiguity, and determine whether Cismaru became disabled on or before when he met insured status requirements under the Social Security Act.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 26) is ADOPTED in full. The Plaintiff's Motion for Reversal and Remand (ECF No. 16) is granted, and the Defendant's Cross-Motion to Affirm the Agency's Decision (ECF No. 22) is denied.

**IT IS FURTHER ORDERED** that this matter be remanded to the Social Security Administration for further proceedings, including further hearings as necessary, to determine whether Cismaru was disabled within the meaning of the Social Security Act during the closed period from April 25, 2010 to February 11, 2012, and in particular whether he became disabled on or prior to December 31, 2010, his last date of insured status.

DATED: October 23, 2017.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**