Marc V. Kalagian
Attorney at Law: 4460
Law Offices of Rohlfing & Kalagian, LLP
211 East Ocean Boulevard, Suite 420
Long Beach, CA 90802
Tel.: (562) 437-7006
Fax: (562) 432-2935
E-mail: rohlfing.kalagian@rksslaw.com

Attorneys for Plaintiff
David I. Cismaru

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAVID I. CISMARU, | Case No.: 2:14-cv-01432-RFB-GWF |
| Plaintiff, | STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 |
| vs. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

TO THE HONORABLE GEORGE FOLEY, MAGISTRATE JUDGE OF THE DISTRICT COURT:

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that David I. Cismaru be awarded attorney fees and expenses in the amount of THREE THOUSAND SEVEN HUNDRED FIFTY dollars ($3,750) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920. This amount represents compensation for all legal services rendered on behalf of Plaintiff by

counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to David I. Cismaru, the government will consider the matter of David I. Cismaru's assignment of EAJA fees to Marc V. Kalagian.  The retainer agreement containing the assignment is attached as exhibit 1.  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to David I. Cismaru, but if the Department of the Treasury determines that David I. Cismaru does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Rohlfing & Kalagian, LLP, pursuant to the assignment executed by David I. Cismaru.[1]  Any payments made shall be delivered to Marc V. Kalagian.

This stipulation constitutes a compromise settlement of David I. Cismaru's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that David I. Cismaru and/or Marc V. Kalagian including Law Offices of Rohlfing & Kalagian, LLP may have relating to EAJA attorney fees in connection with this action.

---

[1] The parties do not stipulate whether counsel for the plaintiff has a cognizable lien under federal law against the recovery of EAJA fees that survives the Treasury Offset Program.

-2-

This award is without prejudice to the rights of Marc V. Kalagian and/or the Law Offices of Rohlfing & Kalagian, LLP to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATE: November 27, 2017  Respectfully submitted,

LAW OFFICES OF ROHLFING & KALAGIAN, LLP

/s/ *Marc V. Kalagian*

BY:_____
Marc V. Kalagian
Attorney for plaintiff David I. Cismaru

DATED: November 27, 2017

DANIEL G. BOGDEN
United States Attorney

/s/ *Theophous H. Reagans*

_____
THEOPHOUS H. REAGANS
Special Assistant United States Attorney
Attorneys for Defendant Nancy A. Berryhill,
Acting Commissioner of Social Security
(Per e-mail authorization)

IT IS SO ORDERED: _____

UNITED STATES MAGISTRATE JUDGE

DATED: December 6, 2017

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 211 E. Ocean Blvd., Ste. 420, Long Beach, CA 90802.

On this day of December 5, 2017, I served the foregoing document described as STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Mr. David I. Cismaru
4200 S. Valley View Boulevard, Unit 2066
Las Vegas, NV 89103

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of this court at whose direction the service was made.

Marc V. Kalagian _____          /S/ Marc V. Kalagian_____
TYPE OR PRINT NAME                              SIGNATURE

**CERTIFICATE OF SERVICE**
**FOR CASE NUMBER 2:14-CV-01432-RFB-GWF**

I hereby certify that I electronically filed the foregoing with the Clerk of the

Court for this court by using the CM/ECF system on December 5, 2017.

I certify that all participants in the case are registered CM/ECF users and

that service will be accomplished by the CM/ECF system, except the plaintiff

served herewith by mail.

/s/ *Marc V. Kalagian*

_____

Marc V. Kalagian
Attorneys for Plaintiff

SOCIAL SECURITY REPRESENTATION AGREEMENT *Brian Shapiro*

This agreement was made on April 24, 2013, by and between the Law Offices of Lawrence D. Rohlfing referred to as attorney and **Mr. David I. Cismaru**, S.S.N. ▮▮▮▮-9295, herein referred to as Claimant.

1. Claimant employs and appoints Law Offices of Lawrence D. Rohlfing to represent Claimant as Mr. David I. Cismaru's Attorneys at law in a Social Security claim regarding a claim for disability benefits and empowers Attorney to take such action as may be advisable in the judgment of Attorney, including the taking of judicial review.

2. In consideration of the services to be performed by the Attorney and it being the desire of the Claimant to compensate Attorney out of the proceeds shall receive **25% of the backpay** awarded by the Social Security Administration to the claimant or **such amount as the Commissioner may designate under 42 U.S.C. § 406(a)(2)(A) which is currently $6,000.00,** whichever is **smaller**, upon successful completion of the case **at or before a first hearing decision from an ALJ**. If the Claimant and the Attorney are unsuccessful in obtaining a recovery, Attorney will receive no fee. **All fees are negotiable and subject to approval or review by the Social Security Administration.** This matter is subject expedited fee approval except as stated in ¶3.

3. The provisions of ¶ 2 only apply to dispositions at or before a first hearing decision from an ALJ. The fee for successful prosecution of this matter is **25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration**. Attorney shall petition for authorization to charge this fee in compliance with the Social Security Act for all time whether exclusively or not committed to such representation. **All fees are negotiable and subject to approval by the Social Security Administration.**

4. If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for that particular work. Client shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney. **All fees are negotiable and subject to approval by the court with jurisdiction.**

5. Claimant shall pay all costs, including, but not limited to costs for medical reports, filing fees, and consultations and examinations by experts, in connection with the cause of action.

6. Attorney shall be entitled to a reasonable fee; notwithstanding the Claimant may discharge or obtain the substitution of attorneys before Attorney has completed the services for which he is hereby employed, and claimant grants a lien to Attorney for reasonable fees.

7. Attorney has made no warranties as to the successful termination of the cause of action, and all expressions made by Attorney relative thereto are matters of Attorney's opinion only.

8. This Agreement comprises the entire contract between Attorney and Claimant. The laws of the State of California shall govern the construction and interpretation of this Agreement except that federal law governs the approval of fees by the Commissioner or a federal court.

9. Attorney agrees to perform all the services herein mentioned for the compensation provided above.

10. Client authorizes attorney to pay out of attorney fees and without cost to client any and all referral or association fees to prior or referring attorneys or bar referral service.

11. The receipt from Claimant of ___none___ is hereby acknowledged by attorney to be placed in trust and used for costs.
It is so agreed.

_____          _____
Mr. David I. Cismaru                                      Law Offices of Lawrence D. Rohlfing

                                                                      *Brian Shapiro*